```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x   Case No. 14-CV-7922
MANOR HOUR CAPITAL, LLC,          :
                                  :
        Petitioner,               :
                                  :
    -against-                     :
                                  :
ROBERT PRITSKER,                  :
                                  :
        Respondent                :
------------------------------------------------------------x



RECEIVED OCT 21 2014 PRO SE OFFICE

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO MANOR HOUSE CAPITAL, LLC'S PETITION TO CONFIRM ARBITRATION AWARD

1.) Precedent in the Second Circuit is clear enough with respect to confirming an arbitration award as to the *merits* of a claim, as required by section 9 of the Federal Arbitration Act ("FAA"): Issue the judgment, a review of arbitration panel reasoning, however deficient may be the reasoning, is not to be undertaken.

2.) In *Sobel v. Hertz Warner & Co.*, 338 F. Suppl 287, 299 (1971), Southern District of New York District Court Judge Milton Pollock, had wondered what meaning "confirmation" could possibly have if arbitrators were free not to furnish some explanation of the ultimate findings embodied in their decision on the merits. He ordered a remand to the arbitrators to provide such explanation(s). Yet, upon interlocutory appeal of Judge Pollock's remand, the 2d. Cir. held that the arbitrators have "no such obligation to explain their award, ..." *Sobel v. Hertz Warner & Co*, 469 F. 2d 1211 (1972).

3.) If "confirmation" has such an evanescent meaning for the public policy reasons—speed, cost efficiency, etc.--the Court found to underlie the FAA as to the merits of a Claimant's claim, then it must follow that a different standard of "confirmation" for a non-party expungement (folded into a merits award) should apply, given the dichotomy in the FINRA rules applicable here: give no reason for an award on the merits of the Claimant's case (unless requested by both sides) but, according to FINRA rule 12805(c) "indicate in the arbitration award which of the Rule 2080 grounds for *expungement* serve(s) as the basis for its expungement order and provide a brief written explanation of the reason(s) for its finding that one or more Rule 2080 grounds for expungement applies to the facts of the case."

4.) If FINRA Rule 12805(c) demands a written explanation for granting expungement, then this Court should not issue confirmation of the expungement portion of the FINRA award without reviewing whether "a ground for the arbitrator's decision can be inferred from the *facts* of the case." (internal quotation marks and citation omitted, emphasis added). *D. H. Blair & Co. v. Gottdiener,* 462 F. 3d 95 at 110).

5.) Paragraph 2 in the third, unnumbered page of the FINRA Award (found in Exhibit A of the Declaration of Joseph Dever, counsel for Petitioner Manor House Capital, LLC) states that the "ground for the aribtrator's decision" regarding expungement is that "The claim, allegation, or information is false."

6.) This Court has not been provided a single fact from which "the arbitrators' decision [as to expungement] can be inferred from the facts of the case." *D. H. Blair @* 110. The Award regarding expungement offers only this *conclusory* language: "Th[e] evidence demonstrated that all the trades made by Samuel Jacobs for the Claimant

were initiated by the Claimant. No proof was presented that Samuel Jacobs had any influence or involvement in the Claimant's decision to make these trades. To the contrary, the evidence presented by the Claimant demonstrated that the Claimant had already determined what investments to make when he contacted Samuel Jacobs merely to place the orders."

"Additionally, the Claimant presented no proof to support his claims of unsuitability or that Samuel Jacobs breached his fiduciary duty or made any misrepresentations to Claimant. No evidence was present at the hearings that Samuel Jacobs violated any FINRA regulations or any state or federal statue or law."

7.) Not only are these conclusions starkly contradicted by the facts that were presented to the arbitrators, but this Court should not be misled by the suggestion that Defendant pursued the Manor House-client-contract-required arbitration because his investments lost value (Petitioner Memorandum of Law @ 2). Defendant instituted the arbitration *solely because* he discovered how he had been misled about the one Annuity Contract investment he thought safest, only available at AIG, and that appeared, however ultimately incorrect, preferable to others offered on the Annuity Contract platform. That investment, SSR ID Fund, LP, was contaminated by the influence of now-confessed fraudster, William Gunlicks, whom the SEC has barred from the securities industry and from whom it has disgorged $28,000,000. *Beginning 48 months before Defendant purchased his Annuity Contract, no less than 43 red flags regarding Gunlicks' integrity* were, or should have been, evident to both Manor House and its sole LLC member, Samuel Jacobs, and its co-Respondent in the FINRA proceeding, American General Equity Services Corporation. Defendant, indeed no sane person,

3

would have made that SSR ID Fund, LP investment, or any other less-preferred investment on the AIG platform, had he been told about the depraved conditions at SSR ID Fund, LP.

8.) Accordingly, Defendant opposes a confirmation of the expungement portion of the Award until such time as this Court has been provided the supporting facts on which the arbitrators relied to grant expungement in order for this Court to *then* determine whether "a [proper] ground for the arbitrators' decision can be inferred from the facts of the case." D. H. Blair @ 110.  Those facts, once submitted to this Court, will reveal that the arbitrators' had no such proper ground for granting expungement, or, more significantly, dismissal of Defendant's claim on the merits.

9.) Moreover, Defendant sought, by his May 13, 2014 letter to the case administrator, Ms. Archna Curry, to be heard on relevant discoveries he had made regarding the expungement hearing that he expected would ensue *post* the hearings' close on April 30, 2014 and that he was prevented from presenting to the arbitrators prior to April 30, 2014.  He was denied that opportunity with Ms. Curry's response that the facts-curtain came down on April 29, 2014.

10.)    If the question is why Defendant did not seek vacatur in this Court of the Award pursuant to Section 10 of the FAA, the answer is straightforward: the gross unaffordability to Defendant of legal representation for the process.

11.) Nothing the Defendant claimed, alleged, or provided as information was false-- be it as to recommendations made, suitability, breach of fiduciary duty, or violation of FINRA regulations by Samuel Jacobs. The full facts will demonstrate how absurd is such a ground and those full facts should be presented to this Court before it confirms

expungement of Claimant's FINRA action from Samuel Jacobs' CRD registration records.

## CONCLUSION

In view of the foregoing, Defendant respectfully requests that those facts be presented to this Court by the Petitioner (transcripts of FINRA- provided CDs of the hearings plus hearing books will evidence those facts), and the Court afford the parties an opportunity to argue the expungement petition.

Respectfully submitted,

Robert Pritsker
32 Steephill Road
Weston, CT 06883
(203) 341-8626
pritsker@optimum.net

Pro Se

## Certification

The foregoing Memorandum opposing Petitioner's, Manor House Capital, LLC's, Petition to Confirm Arbitration Award was mailed first class, postage prepaid on October 20, 2014 to:

    Joseph Dever, Counsel for Petitioner
    Cozen O'Connor
    45 Broadway, 16th Floor
    New York, NY 10006

                                                   Robert Pritsker
                                                   32 Steephill Road
                                                   Weston, CT 06883
                                                   (203) 341-8626
                                                 pritsker@optimum.net

                                                           Pro Se