UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                         :

MANOR HOUSE CAPITAL, LLC,               :
                                                                         :         Case No. 14-CV-7922 (GBD)
                          Petitioner,               :
                                                                            :
                          -against-                :         ECF Case
                                                                            :

ROBERT PRITSKER,                                 :
                                                                            :
                          Respondent.             :
                                                                             :
------------------------------------------------------------------x

**PETITIONER MANOR HOUSE CAPITAL, LLC's REPLY
TO RESPONDENT ROBERT PRITSKER'S AMENDED
<u>OPPOSITION TO PETITION TO CONFIRM ARBITRATION AWARD</u>**

      Petitioner, Manor House Capital, LLC ("Manor House"), by its attorneys, Cozen O'Connor, hereby submits this Reply to the pro se Amended Memorandum of Law of Respondent Robert Pritsker ("Pritsker") in Opposition to Manor House's Petition to Confirm the arbitration award rendered on May 30, 2014 ("Award") by a three-member panel ("Panel") of the Financial Industry Regulatory Authority ("FINRA") in the proceeding styled Robert Pritsker vs. American General Equity Services Corp. and Manor House Capital, LLC, FINRA Arbitration No.: 12-01702 (the "Arbitration").

## I.

## <u>INTRODUCTION</u>

      As reflected in the Award, the Panel dismissed all of its claims brought by Pritsker against Manor House, as well as its co-Respondent American General Equity Services Corporation, and recommended expungement of all references to the Arbitration from the Central Registration Depository ("CRD") of Manor House's principal Samuel Jacobs ("Jacobs").

On October 1, 2014, Manor House filed its Petition to Confirm the Award to initiate this action. On October 20, 2014, Pritsker filed his pro se Memorandum of Law in Opposition to the Petition, which he subsequently amended on October 22, 2014.[1]  For the reasons discussed below, the Court should dismiss Pritsker's Amended Opposition and confirm the Award.

## II.

## DISCUSSION

The motivation behind Pritsker's opposition to judicial confirmation of the Award should be clear:  He is looking for the proverbial "second bite of the apple" by seeking to relitigate his claims that the Panel dismissed in the underlying Arbitration.  In fact, Pritsker contends in his opposition papers that the Court must review the entire evidentiary record from the Arbitration, including the testimony transcripts and exhibits, before ruling on the Petition to confirm the Award.  Pritsker argues that "[t]he full facts will demonstrate how absurd is such a ground and those full facts should be presented to this Court before it confirms expungement of Claimant's FINRA action from Samuel Jacobs' CRD registration."  (Pritsker's Amend. Opp. Mem. of Law at ¶ 11, p. 4.)  Indeed, he specifically requests that the Court review "transcripts of FINRA-provided CDs of the hearings plus hearing books" as part of this judicial confirmation proceeding.  (Id. at p. 5.)

As the Court surely recognizes, however, this matter presents a straight-forward request for judicial confirmation of an arbitration award under the FAA.  Manor House is simply asking the Court to confirm an arbitration award that contains, inter alia, the Panel's recommendation that FINRA expunge Jacobs' CRD records because the Panel found that Pritsker's allegations

---

[1]    Pritsker's Opposition and Amended Opposition to judicial confirmation of the Award should not be considered a motion to vacate, modify, or correct the award under the FAA.  Notice of such a proceeding must be served on the adverse party within three months after the award is rendered. 9 U.S.C. §12.  Pritsker did not commence any such judicial proceeding challenging the Award within the three-month time period, which expired on August 28, 2014.

against him were false.  As the Panel stated clearly in the Award:  "The claim, allegation, or information is false."  (See Award at Exhibit A,  p. 3, to Attorney Declaration of Joseph Dever, Esq. dated October 1, 2014 ("Att. Dec.")).   The Court is not required to undertake a de novo review of the underlying record for the purposes of determining whether expungement relief is warranted, nor is Manor House asking the Court to do so.  Rather, the expungement relief to which Jacobs is entitled follows as a matter of course from the Court's act of confirming the Award and reducing it to a judgment of the Court.

Pritsker, however, is contending that judicial review of the full evidentiary record from the Arbitration is somehow necessary because the Panel awarded expungement relief.  Therefore, according to Pritsker's version of the law, because the Award includes expungement relief, the well-settled procedural rules governing judicial confirmation proceedings under the Federal Arbitration Act ("FAA") and Second Circuit precedent no longer apply.  As discussed below, Pritsker's argument is a classic "red-herring" and should be dismissed.

The law governing judicial confirmation proceedings is well-settled.  The FAA provides a "streamlined" procedure for a party seeking judicial confirmation of an award.  Hall Street Assocs. L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008).  The proceeding is a "summary proceeding" which the Second Circuit has described as "merely mak[ing] what is already a final arbitration award a judgment of the court."  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (citations omitted).  The standard of review for granting confirmation of an arbitration award is quite low:  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.  Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award."  Id.

When ruling on a petition to confirm an arbitration award, the Court need only consider a record consisting of the parties' agreement to submit their dispute to arbitration and the arbitration award itself.  The Second Circuit has stated:

> A motion to confirm or vacate an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference.  When a court has before it such a record, rather than only the allegations of one party found in complaints, the judgment the court enters should be based on the record.

Id. at 109.

Here, Manor House has provided the Court with the proper record upon which the Court may confirm the Award.  Manor House has submitted an Attorney Declaration containing, among other things, (i) the Panel's Award, (ii) the parties' arbitration agreements, and (iii) FINRA's waiver letter with respect to judicial confirmation proceedings involving expungement relief.  (See Exhibits A, B, C, and E to Att. Dec.)  To the extent Pritsker is claiming that the record presently before the Court is insufficient to allow the Court to grant the confirmation request, Pritsker is mistaken.

The Award sets forth the Panel's reasoning for finding against Pritsker on his claims before them and granting expungement relief.  Moreover, the Award states that the Panel considered the relevant standards FINRA requires its arbitrators to apply before granting expungement relief.  The Award clearly states:

> Pursuant to Rule 12805 of the [FINRA] Code, the arbitration panel has made the following Rule 2080 affirmative finding of fact:
>
> The claim, allegation, or information is false.
>
> The arbitration panel has made the above Rule 2080 finding based on the following reasons:
>
> The Panel decided this application [for expungement relief] based on the proofs presented by the Claimant at the hearings.  This evidence demonstrated that all the

4

>trades made by Samuel Jacobs for the Claimant were initiated by the Claimant. No proof was presented that Samuel Jacobs had any influence or involvement in the Claimant's decision to make these trades. To the contrary, the evidence presented by the Claimant demonstrated that the Claimant had already determined what investments to make when he contacted Samuel Jacobs merely to place the orders.
>
>Additionally, the Claimant presented no proof to support his claims of unsuitability or that Samuel Jacobs breached any fiduciary duty or made any misrepresentations to Claimant. No evidence was presented at the hearings that Samuel Jacobs violated any FINRA regulations or any state or federal statute or law.

(See Award, p. 3, at Exhibit A to Att. Dec.).

Furthermore, Manor House requested and received from FINRA a waiver of the procedural requirement that FINRA be named a party to judicial confirmation proceedings involving expungement relief. (See Exhibit E to Att. Dec.) Therefore, because Pritsker cannot point to any procedural deficiencies with respect to Manor House's compliance with the FINRA rules governing judicial confirmation proceedings, the Award should be confirmed. See Mical v. Glick, et al., 2014 WL 322093, at *4 (N.D. Ill Jan. 28, 2014) (ruling on motion to confirm FINRA arbitration award and holding that, "[w]ith respect to the issue of the expungement of Novoselski's record with the CRD, E*TRADE has provided the requisite waiver by FINRA of its being named a party to the instant litigation in accordance with FINRA rules. As such, the Award is confirmed.")

Accordingly, notwithstanding Pritsker's contentions in his Opposition and Amended Opposition, there is more than a sufficient record from which the Court may confirm the Award, including the expungement relief. As discussed above, the standard for judicial confirmation in this Circuit is satisfied where the moving party has made "a barely colorable justification for the outcome reached by the arbitrators. . . ." D.H. Blair & Co., Inc., 462 F.3d at 110 (citations omitted). The record here easily meets this standard. Therefore, Pritsker's opposition to Manor

House's request for judicial confirmation of the Award should be dismissed, and Manor House's Petition to confirm the Award should be granted.

### III.

### CONCLUSION

For the reasons set forth above, Petitioner Manor House respectfully requests that the Court dismiss Pritsker's opposition to Manor House's confirmation Petition and enter an Order confirming the Award in all respects, including expungement of all references to the Arbitration from Jacobs' CRD.

Dated: October 30, 2014
      New York, New York

                Respectfully submitted,

                COZEN O'CONNOR

                By:   /s/ Joseph Dever
                      Joseph Dever
                      Christopher Passavia
                      45 Broadway, 16th Floor
                      New York, NY 10006
                      Tel: (212) 453-3916
                      Fax: (917) 733-5682
                      jdever@cozen.com

                      Counsel for Petitioner Manor House
                      Capital, LLC

Of Counsel:

F. Warren Jacoby

**CERTIFICATE OF SERVICE**

      I, Joseph Dever, hereby certify that on October 30, 2014, I caused a true and correct copy of the foregoing Reply to be served on the following parties:

| | |
|---|---|
| By UPS Overnight Delivery: | Robert Pritsker, pro se<br>32 Steephill Road<br>Weston, CT 06883<br>(203) 342-8626 |
| By ECF filing: | Michael Valerio, Esq.<br>Natalie Napierala, Esq.<br>CARLTON FIELDS JORDEN BURT, P.A.<br>One State Street, Suite 1800<br>Hartford, CT 06103<br>Counsel for Intervening Petitioner,<br>AIG Capital Services, Inc. |

      /s/ Joseph Dever